# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HENRY SALAZAR,<br><br>        Plaintiff,<br><br>v.<br><br>SELENE FINANCE, LP; U.S. BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR BCAT 2016-18TT; and PEDRO TAVERAS,<br><br>        Defendants. | C.A. No. 1:18-cv-00495-WES-PAS |

## SELENE FINANCE LP AND U.S. BANK, AS TRUSTEE'S MOTION FOR RECONSIDERATION OF THE COURT'S JULY 8, 2019 ORDER

Defendants, Selene Finance LP and U.S. Bank National Association, not in its individual capacity, but solely as Legal Title Trustee for BCAT 2016-18TT ("Defendants"), request reconsideration of the Court's July 8, 2019 Text Order granting Plaintiff, Henry Salazar's ("Plaintiff"), request to amend, because the First Circuit Court of Appeals has withdrawn the opinion and vacated the judgment Plaintiff exclusively relied upon to request leave. As grounds for this motion, Defendants state the following.

## BACKGROUND

After the close of briefing on Defendants' Motion to Dismiss (ECF No. 6) filed with the Court on September 13, 2019, Plaintiff filed a Motion to Allow Supplemental Memorandum (ECF No. 16), seeking to introduce, and rely upon for purposes of his opposition, a recent decision issued by the First Circuit Court of Appeals in *Thompson v. JPMorgan Chase Bank, N.A.*, 915 F.3d 801 (1st Cir. 2019). Plaintiff's Motion, as well as his supplemental memorandum filed on May 7, 2019, included a request for leave of Court to amend his complaint to add claims

predicated upon the First Circuit's finding of strict compliance in *Thompson*. In opposition to this request, Defendants argued, primarily, that the *Thompson* decision reviewed solely Massachusetts specific foreclosure requirements and was inapplicable to the instant case. (*See* Defs.' Mem. in Support of Their Objection to Pl.'s Mot. to Allow Supp. Mem., ECF No. 18). Notwithstanding Defendants' arguments that Plaintiff misapplied and misinterpreted the decision in *Thompson* and that Defendants' had fully complied with Rhode Island law, the Court allowed Plaintiff's request for leave to amend and denied Defendants' Motion to Dismiss without prejudice. Despite having been provided two weeks from the Court's order, Plaintiff has not yet filed his amended complaint. On July 30, 2019, the First Circuit issued an order in response to JP Morgan Chase, N.A.'s ("Chase") Petition for Rehearing in *Thompson* that withdraws the opinion, vacates the judgment, and certifies a question to the Massachusetts Supreme Judicial Court ("SJC"). (Order of Court and Certification of Question to the Massachusetts Supreme Judicial Court, *Thompson v. JP Morgan Chase, N.A.*, No. 18-1559 (July 30, 2019), at Doc. 00117469888, *Exhibit A*.)

## STANDARD OF REVIEW

A federal district court has the discretion to reconsider interlocutory orders and revise or amend them at any time prior to final judgment. *See Perez-Ruiz v. Crespo Guillen*, 25 F. 3d 40, 42 (1st Cir. 1994) ("Interlocutory orders, including denials of motion to dismiss, remain open to trial court reconsideration, and do not constitute law of the case."); *see also Davis v. Lehane*, 89 F. Supp. 2d 142, 147 (D. Mass. 2000) (citing *Bethlehem Steel Expert Corp v. Redondo Construction. Corp.*, 140 F. 3d 319, 321 (1st Cir. 1998)). Furthermore, a district court has substantial discretion and broad authority to grant or deny motions for reconsideration. *See Ruiz Rivera v. Pfizer Pharmaceuticals, LLC*, 521 F. 3d 76, 81 (1st Cir. 2008). A court may

appropriately grant a motion for reconsideration in the following circumstances: (1) the moving party presents newly discovery evidence material to the court's decision; (2) there has been an intervening change in law; or (3) the decision was based on a manifest error of law or was clearly unjust. *See United States v. Allen*, 573 F. 3d 42 (1st Cir. 2009).

## **LEGAL ARGUMENT**

This Court should reconsider its July 8, 2019 decision due to an intervening change in the law that results from the First Circuit's decision to withdraw and vacate the decision issued in *Thompson*. The First Circuit has changed the law through an intervening order that eliminates the *Thompson* decision on the whole. In addition, the order vacating judgment and withdrawing the opinion includes a certified question to the SJC:

> Did the statement in the August 12, 2016, default and acceleration notice that "you can still avoid foreclosure by paying the total past-due amount before a foreclosure sale takes place" render the notice inaccurate or deceptive in a manner that renders the subsequent foreclosure sale void under Massachusetts law?

(Ex. A at p. 2.) In doing so, the Panel acknowledged Chase's position that the precise language used in the notice sent to the Thompsons was required under Massachusetts law, specifically 209 C.M.R. § 56.04, and that serious harms resulting from the prior issued decision "might prompt the SJC to reexamine its precedents." (*Id.*)

Here, Plaintiff has not only opposed Defendants' Motion to Dismiss but also sought leave to amend on an argument that Defendants' notice of default notice did not strictly comply with the mortgage under the guiding principles of *Thompson*. Plaintiff has specifically requested leave to amend his complaint "to incorporate the issues raised in this memorandum, which have been impacted by the *Thompson* opinion, which is the law of the First Circuit." (Pl.'s Supp. Mem., ECF No. 21, at 16.) Reconsideration of the Court's Order denying the Defendants' motion to dismiss is appropriate and warranted due the First Circuit's order to vacate the decision Plaintiff

3

seeks to apply to his claims in this case. The First Circuit has withdrawn the law Plaintiff claims to support his "new" claims through an amended complaint. Given the First Circuit's order withdrawing the *Thompson* opinion, Plaintiff can no longer rely upon the decision regardless of whether Plaintiff correctly interpreted *Thompson* or seeks to impermissibly expand and apply *Thompson* to Rhode Island.

Even if this Court is unconvinced that the First Circuit's withdrawal of opinion eliminates any support of Plaintiff's request for leave to amend, the First Circuit's certification of the question to the SJC demonstrates that *Thompson*, on the whole, addresses and interprets Massachusetts law. Ultimately, the SJC's review of the certified question will interpret whether Chase's notice language was required under the Code of Massachusetts Regulations, and this determination cannot extend or apply to foreclosures initiated under Rhode Island law. As a result of an intervening change in the law, Defendants request the Court reconsider the July 8, 2019 order, withdraw the decision allowing Plaintiff's motion to amend, and review Defendants' arguments presented in their Motion to Dismiss (ECF No. 6). The arguments briefed in Defendants' Motion to Dismiss respond to the actual claims pursued in this case, and now putting *Thompson* aside, the Defendants request the Court's consideration on these issues.

## CONCLUSION

For the reasons stated above, Defendants Selene Finance LP and U.S. Bank National Association, not in its individual capacity, but solely as Legal Title Trustee for BCAT 2016-18TT, respectfully request this Court reconsider the Text Order granting Plaintiff's request for leave to amend and denying Defendants' Motion to Dismiss without prejudice, that the Court deny the motion to amend and proceed to decision on the merits of Defendants' Motion to Dismiss.

Respectfully submitted,

SELENE FINANCE LP; AND U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS LEGAL TITLE TRUSTEE FOR BCAT 2016-18TT,

By Their Attorneys,

*/s/ Ethan Z. Tieger*
Samuel C. Bodurtha, Bar No. 7075
Ethan Z. Tieger, Bar No. 9308
HINSHAW & CULBERTSON LLP
56 Exchange Terrace, Suite 5
Providence, RI 02903
Telephone: (401) 751-0842
Facsimile: (401) 751-0072
sbodurtha@hinshawlaw.com
etieger@hinshawlaw.com

Dated: August 1, 2019

## CERTIFICATE OF SERVICE

I, Ethan Z. Tieger, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on August 1, 2019.

*/s/ Ethan Z. Tieger*
Ethan Z. Tieger

304118939v2 1012775