UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HENRY SALAZAR,<br><br>        Plaintiff,<br><br>v.<br><br>SELENE FINANCE, LP; U.S. BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR BCAT 2016-18TT; and PEDRO TAVERAS,<br><br>        Defendants. | C.A. No. 1:18-cv-00495-WES-PAS |

**DEFENDANTS SELENE FINANCE LP AND U.S. BANK, AS TRUSTEE'S REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF HENRY SALAZAR'S AMENDED COMPLAINT**

## I. INTRODUCTION

In response to Defendants' Motion to Dismiss, Plaintiff, Henry Salazar ("Plaintiff") has filed a rambling and disjointed argument that presents no grounds to deny of Defendants, Selene Finance LP ("Selene") and U.S. Bank National Association, not in its individual capacity, but solely as Legal Title Trustee for BCAT 2016-18TT's ("U.S. Bank, as Trustee") (collectively "Defendants") Motion to Dismiss. Plaintiff misinterprets principles of federal law and procedure and Rhode Island law while also ignoring the plain facts of this case and the inherent failures of pleading. The allegations demonstrate that Defendants complied with all prerequisites to foreclose the mortgage and that Plaintiff presents no valid basis to challenge the foreclosure.

## II. LEGAL ARGUMENT

    A.    <u>The Court Should Dismiss this Case with Prejudice Despite Lack of Injury in Fact Under *Spokeo* and without Remand to State Court</u>.

Plaintiff improperly asserts that the Court is "devoid" of jurisdiction in response to the Motion to Dismiss and must remand the case to the Rhode Island Superior Court as opposed to dismissing suit if the Court determines that there is no Article III standing under *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (2016). (Plaintiff's Opposition, ECF No. 37-1 at pp. 4-7.) Plaintiff concedes that he has not suffered any damages beyond the costs and fees of pursuing this lawsuit. (*Id.* at p. 34.) The costs Plaintiff has incurred while visiting or calling his counsel, and his attorneys fees and costs for prosecution of this action, fail to establish an actual injury and provide this Court grounds to dispose of Plaintiff's cause of action for violations of the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), and the Fair Debt Collection Practices Act ("FDCPA"). *Viera v. Bank of N.Y. Mellon*, No. 17-0523S, 2018 U.S. Dist. LEXIS 176276 (D.R.I. Oct. 12, 2018). In *Viera*, this Court adjudicated a similar action by dismissing a borrower's claims under TILA, and the Rhode Island Fair Debt Collection Practices Claim for lack of injury in fact under Rule 12(b)(1). 2018 U.S. Dist. LEXIS 176276 at **8-16. The Court also, however, dismissed Plaintiff's breach of the contract and breach of the covenant of good faith and fair dealing cause of action for failure to state a claim under Rule 12(b)(6). *Id.* at **5-9.

As for the alleged emotional damages, courts have recognized that "'[w]hile home foreclosure is a terrible event and likely fraught with unique emotions and angst, foreclosures, even ones that may involve improper conduct, do not readily go beyond all possible bounds of decency.'" *Koufos v. U.S. Bank, N.A.*, 939 F. Supp. 2d 40, 53 (2013); *see also Alvarez v. U.S. Bank N.A.*, No. 11-12324-FDS, 2012 U.S. Dist. LEXIS 86678 (D. Mass. June 22, 2012). For example, in *Akar v. Fed. Nat'l Mortgage Ass'n*, 845 F.Supp.2d 381, 385 (D. Mass. 2012), the Massachusetts federal court dismissed an emotional distress claim finding that defendants'

alleged repeated assurances that the foreclosure would be postponed while their loan modification request was evaluated was not "extreme and outrageous conduct that is 'beyond all bounds of decency' or utterly intolerable in civilized community." Here, the Court should not consider emotional distress allegations that arise from the event of foreclosure alone and with Plaintiff acknowledging default and failure to cure, as an actual injury.

Rather than endorse Plaintiff's tactic and decline jurisdiction on the concession that no injury in fact exists, the Court can and should adjudicate all causes of action to the dismissal of those for which Plaintiff fails to state a claim for which relief can be granted. Plaintiff would fare no better in pursuing any claims without an injury in fact in the Rhode Island state court system. *Bowen v. Mollis*, 945 A.2d 314, 317 (R.I. 2008) ("When called upon to decide the issue of standing, a trial justice must determine whether, if the allegations are proven, the plaintiff has sustained an injury and has a personal stake in the outcome of the litigation…."); *Berberian v. Solomon*, 122 R.I. 259 (1979) (Rhode Island Supreme Court affirmed dismissal of suit under Superior Court Rule 12(b)(6) for lack of standing where plaintiff failed to satisfy injury in fact).

Plaintiff cites multiple decisions purporting to support his argument that remand is the appropriate procedure. For example, Plaintiff relies on the decision of *Mocek v. Allsaints USA Ltd.*, 220 F. Supp. 3d 910 (N.D. Ill. 2016), to argue that remand is necessary in circumstances where there is a lack of Article III standing. *Mocek* is readily distinguishable from this case because the Defendants' counsel acknowledged after Plaintiff filed a motion to remand that a *with prejudice* dismissal would be inappropriate. 220 F.Supp.3d at 913. But more important to this case, the Illinois Federal Court specifically explained that in circumstances where a case is "easily and readily" resolved on the merits, it makes "little sense to waste judicial resources, or those of the parties, resolving the *Spokeo* issue." *Id.* at 912. A federal court "has leeway to

3

choose among threshold grounds for denying audience to a case on the merits" and that this approach "[does] not run afoul of the Supreme Court's prohibition on hypothetical jurisdiction….because jurisdiction is vital only if the court proposes to issue a judgment on the merits." *Id.* (internal quotation marks omitted). Similarly, in *Maine Ass'n of Interdependent Neighborhoods v. Commissioner, Maine Dep't of Human Services*, 876 F.2d 1051, 1053 (1st Cir. 1989), the First Circuit vacated dismissal and remanded to state court for lack of jurisdiction on the fact that plaintiff was unable to demonstrate that the change in rule in dispute would injure their organization or any affiliate member thereby rendering the entirety of the complaint and case insufficient to meet Article III standing.

Here, the causes of action for which Plaintiff alleges no injury (FDCPA in Counts IV and V, RESPA in Counts VI and VII, and TILA in Count V (¶¶389-413) likewise fail to state a claim for which relief may be granted under Rule 12(b)(6). The RESPA and FDCPA claims rely exclusively on Plaintiff's unfounded allegations that no valid Notice of Default was sent and no opportunity to mediate under R.I. Gen. Laws § 34-27-3.2 was provided. Moreover, Defendants seek dismissal of Plaintiff's TILA claim on grounds that Plaintiff alleges a failure to send monthly mortgage loan statements after acceleration and at a time when Plaintiff's Mortgage was no longer functioning on any periodic billing cycle subject to 12 C.F.R. §1026.41. Plaintiff's Opposition does not even address Defendants' TILA argument even after Defendants raised this argument for a second time and following Plaintiff's amended complaint. Conservation of judicial resources and judicial economy alone reject Plaintiff's argument for this Court to deny standing to sue under TILA, RESPA and FDCPA only to remand the remainder of the case to the state court on causes of action that fail to state a claim for which relief can be granted. While Plaintiff admits the absence of any injury sufficient to pursue violations of FDCPA, RESPA and

TILA, the undisputed facts of this case demonstrate that Plaintiff likewise presents no valid basis to claim relief even if Plaintiff were to allege sufficient facts to establish an injury in fact.

      B.      <u>Plaintiff Received a Notice of Mediation Conference Prior to Foreclosure and Cannot Establish Any Violation of R.I. Gen. Laws § 34-27-3.2</u>

Plaintiff opposes Defendants' motion to dismiss with an interpretation of the mediation conference statute, R.I. Gen. Laws § 34-27-3.2, that leads to an absurd result. (Plaintiff's Opposition, ECF. No. 37-1, pp. 7-16.) First, Plaintiff argues that the Defendants do not have an interest in the property that would be affected by reversal of the foreclosure. (*Id.* at p. 8.) This argument is illogical and unfounded on undisputed facts that the Defendants conducted the foreclosure that conveyed title to Defendant Pedro Tavares ("Tavares"). Moreover, Plaintiff attempts to excuse his failure to comply with the statute's express limitations on actions. In doing so, Plaintiff ignores Defendants' argument that he failed to file the complaint to challenge compliance with the mediation conference statute within one year from the date the first notice of foreclosure was published and that he failed to serve the mortgagee with the complaint in that time. Instead, Plaintiff erroneously suggests that U.S. Bank, as Trustee is asserting Tavares' rights, because he purchased the property following foreclosure, in raising the limitations section. Plaintiff proceeds to justify his failure to timely serve Tavares and appeals to equity on the allegations that Tavares was aware of this action on June 25, 2018 and suffered no prejudice through Plaintiff's delayed notice. (*Id.* at pp. 9-11.) Plaintiff's equitable argument, citations to Rule 4, and allegations that Tavares has not suffered prejudice by the late notice ignore and disregard his obligations to timely file and serve the mortgagee under Rhode Island law.

The mediation statute provides that "[f]ailure to file a complaint, record the notice of lis pendens, and serve the mortgagee within the one-year period shall preclude said mortgagor, or any other person claiming an interest through the mortgagor, from subsequently challenge the

validity of the foreclosure." R.I. Gen. Laws § 34-27-3.2. The statute not only expressly requires a mortgagor to serve the mortgagee but also defines mortgagee as "holder of a mortgage, or its agent or employee, including a mortgage servicer acting on behalf of a mortgagee." *Id.* Plaintiff's Complaint identifies U.S. Bank, as Trustee as the mortgagee and Selene as loan servicer. The fact allegations of Plaintiff's Complaint demonstrate that Plaintiff failed to file and serve the complaint on his mortgagee within one year from notice of sale, Plaintiff does not deny this fact, and the clear and express terms of the mediation conference statute preclude Plaintiff from challenging the validity of the foreclosure. Regardless of any argument Plaintiff raises in relation to Tavares, or equitable justification in failing to timely serve the third-party purchaser under the rules of civil procedure, the mediation conference statute includes an express limitations period, which Plaintiff failed to meet and which precludes this action.

Beyond ignoring and requesting dispensation from the statute of limitations, Plaintiff engages an inordinately hyper-technical interpretation of U.S. Bank, as Trustee's good faith compliance with the statute. Plaintiff suggests that the Defendants are using the mediation statute as sword and proposes an absurd result by relying upon the undisputed notice and opportunity to mediate Plaintiff received from Bank of America. Plaintiff does not dispute that he received notice and the opportunity to mediate default on U.S. Bank, as Trustee's mortgage prior to the initiation of a power of sale foreclosure. In fact, the Foreclosure Deed appended to Plaintiff's Complaint at *Exhibit E* demonstrates that a Mediation Coordinator for Rhode Island Housing attempted to contact Plaintiff on two separate occasions to negotiate the loan and avoid a foreclosure through mediation conference. (Appendix C to Foreclosure Deed, Doc. No. 1-3 at p. 81.) Plaintiff admits that Bank of America obtained a certification of mediation. (Plaintiff's Opposition, ECF No. 37-1 at p. 16.) Despite having been provided with notice and opportunity to

mediate following default on the mortgage at issue in this litigation, the Plaintiff did not respond. Plaintiff's failure to respond to the third-party neutral's request to mediate on two separate occasions provided sufficient good faith effort at compliance so that foreclosure on the mortgage could proceed.

The mediation conference statute does not provide multiple opportunities for a mortgagor to mediate during a single foreclosure proceeding. The Rhode Island Legislature envisioned that the mortgagor should be given an opportunity to participate in mediation, not multiple opportunities, and that the opportunity should not unduly delay foreclosure. *See Fontaine v. U.S. Bank Nat'l Ass'n*, No. PC 2015-0216, 2015 R.I. Super. LEXIS 67 (R.I. Super. May 15, 2015) Regardless of whether Bank of America or U.S. Bank, as Trustee served a notice for mediation, there is no dispute Plaintiff received the benefit intended by the statute following his default. Plaintiff was provided an opportunity to mediate, he received two separate communications from the Mediation Coordinator, he ignored both attempts, and the certificate of compliance issued allowed U.S. Bank, as Trustee to proceed with a power of sale foreclosure.

Requiring U.S. Bank, as Trustee to issue a second notice in order to foreclose after Plaintiff received and ignored notice from Bank of America, and after Plaintiff ignored the Mediation Coordinator's two attempts at contact for a mediation conference, only delays the foreclosure process and leads to a result the Legislature did not contemplate or intend. In fact, Plaintiff does not claim he was in a position, willing or intended to resolve the default with the Mediation Coordinator. Plaintiff has not even alleged the lost opportunity to mediate within the four corners of Plaintiff's Complaint, and instead Plaintiff simply seeks to void the foreclosure and a reimbursement of legal fees to prosecute this action and defend an eviction proceeding. Delaying foreclosure appears Plaintiff's sole goal and effort through this action on a claim that

7

he should have received a second opportunity to mediate his default on the same mortgage loan. The claim Plaintiff presents attempts to turn the mediation statute from shield to sword.

      C.      <u>Defendants Issued Plaintiff a Notice of Default that Strictly Complied with Paragraph 22 of the Mortgage</u>

Plaintiff relies upon speculation alone to create fact allegations and preclude dismissal of his breach of contract claim. This Court, however, can and should disregard Plaintiff's allegations concerning the Notice of Default as speculative and conclusory especially on comparison with the face of the document at issue. *Wilson v. HSBC Mortg. Servs.*, 744 F.3d 1, 4, 7 (2014) (First Circuit reviewed the face of the assignment of mortgage in the context of defendants motion to dismiss); *HSBC Realty Credit Corp. (USA) v. O'Neill*, 745 F.3d 564, 570 (1st Cir. 2014) (First Circuit rejects defendants guaranty theory because the very face of the document rejects claim in affirming judgment in favor of plaintiff) and *Era v. Morton Cmty. Bank*, 8 F.Supp. 3d 66, 72 (D.R.I. 2014) (Rhode Island federal court dismisses challenge to the assignment of mortgage despite allegations in the complaint and on review of the face of the assignment.) Here, Plaintiff employs speculative allegations, which the face of the Notice of Default rejects and refutes outright. First, Plaintiff argues that the Notice of Default did not provide 30 days to cure based upon speculation that Selene's foreclosure counsel deposited the letter with the United States Postal Service on Saturday, April 15, 2017. (Plaintiff's Opposition, ECF No. 37-1 at pp. 17-18.) The Court need not accept Plaintiff's baseless and conclusory allegation because the face of the Notice of Default provides a date of April 14, 2017 when the letter issued, and a demand that Plaintiff cure the default by May 14, 2017. (Notice of Default, *Exhibit C* to Plaintiff's Complaint, Doc. No. 1-3 at p. 59.) Simple math demonstrates that May 14 is 30 days' time from April 14 for Plaintiff to cure the default.

Plaintiff further speculates that the April 14 Notice did not specify a date by which the Plaintiff must cure the default. (Plaintiff's Opposition, ECF No. 37-1 at p. 19.) The Court should disregard this speculation given that the Notice of Default informed Plaintiff of the "DEMAND…to cure this default by May 14, 2017." (Notice of Default, Ex. C to Plaintiff's Complaint, Doc. No. 1-3 at p. 59.) Finally, Plaintiff speculates that the amount of default identified at $31,144.62 as of April 14, 2017 was not accurate and that Defendants had not right to demand payment by certified funds. Contrary to Plaintiff's speculation, Paragraph 22 of Plaintiff's Mortgage, does not require Plaintiff's mortgagee to provide the exact amount due in order to cure the default or limit the demand in terms of how funds must be paid. Instead, the Notice of Default must specify "the action required to cure the default." (Mortgage, *Exhibit A* to Complaint, Doc. No. 1-3, pp. 47-48.) Plaintiff is attempting to create a cause of action out of specific amounts and with allegations that he denies the amount demanded in default, but the Mortgage requires the notice to specify the action to cure. The Notice of Default required Plaintiff to contact foreclosure counsel to "request the full amount owed on your account as the amount due on the day you pay may be greater than stated above…." (Notice of Default, Ex. C to Plaintiff's Complaint, Doc. No. 1-3 at p. 59.) Plaintiff has not alleged any attempt to contact the Defendants or local foreclosure counsel to cure the default.

In order to decide whether Plaintiff states a claim for breach of contract and the covenant of good faith and fair dealing, the focus turns on whether Defendants' Notice of Default strictly complied with Paragraph 22 of Plaintiff's Mortgage. *Martins v. Fed. Hous. Fin. Agency*, 214 F. Supp. 3d 163, 169 (D.R.I. 2016). The Plaintiff has appended the Notice of Default at issue in this case to his complaint at *Exhibit C*. As in other cases, this Court can review the face of the Notice in comparison with the specifications of Paragraph 22 in Plaintiff's Mortgage, appended to

Plaintiff's Complaint at *Exhibit B* in determining whether Plaintiff states a contract claim. *Viera v. Bank of N.Y. Mellon*, C.A. No. 17-00523, 2018 U.S. Dist. LEXIS 176276 at *4-*7 (D.R.I. Oct. 12, 2018). Comparing these two documents not only demonstrates the strict compliance demanded in *Martins* but also establishes the conclusory and speculative allegations Plaintiff has employed to assert a contract claim in this action.

> D. <u>Plaintiff Ignores the Absence of any Duty of Care while Arguing Negligence in Violation of R.I. Gen. Laws § 19-14.11-4.</u>

In response to Selene's argument that no private right of action exists under R.I. Gen. Laws § 19-14.11-4 (Third-Party Loan Servicers-Prohibited Acts), Plaintiff proposes that Selene could be liable due to the fact that violation of a statute or ordinance is prima facie evidence of negligence under Rhode Island law. (Plaintiff's Opposition, ECF No. 37-1, pp. 50-51.) Violation of a regulation or statute can provide evidence of a breach even if the statute does not create a private cause of action, but the plaintiff must establish that an independent duty of care exists. *MacKenzie v. Flagstar Bank, FSB*, 738 F.3d 486, 495 (1st Cir. 2013). In this case, Plaintiff has not alleged the existence of an independent duty of care that Selene owed him nor has he alleged any facts that would establish a duty of care. Moreover, courts in this circuit conclude that a loan servicer does not owe a duty of care to a borrower. *Ouch v. Fannie Mae*, C.A. No. 11-12090, 2013 U.S. Dist. LEXIS 4058, at *17 (D. Mass. Jan. 10, 2013) (aff'd *Ouch v. Fannie Mae*, 2015 U.S. App. LEXIS 14881 (1st Cir. Mass., Aug. 24, 20150); *Young v. Wells Fargo Bank, N.A.*, C.A. No. 11-10757, 2012 U.S. Dist. LEXIS 30492 (D. Mass. Mar. 7, 2012) (aff'd *Young v. Wells Fargo Bank, N.A.*, 2012 U.S. App. LEXIS 10189, at **11-14 (1st Cir. Mass., May 21, 2013). Plaintiff has alleged no facts and has no legal basis to claim that Selene owed him a duty of care so that Plaintiff has no grounds to claim negligence and his attempt to assert a private action under Rhode Island's third-party servicer statute fails as a matter of law.

### III. CONCLUSION

For the reasons stated above, and for the reasons discussed in the Memoranda of Law filed in support of their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), Defendants, Selene Finance LP and U.S. Bank National Association, not in its individual capacity, but solely as Legal Title Trustee for BCAT 2016-18TT, respectfully request this Court enter a dismissal of this action, with prejudice.

Respectfully submitted,

SELENE FINANCE LP; AND U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS LEGAL TITLE TRUSTEE FOR BCAT 2016-18TT,

By Their Attorneys,

*/s/ Samuel C. Bodurtha*
Samuel C. Bodurtha, Bar No. 7075
HINSHAW & CULBERTSON LLP
56 Exchange Terrace, Suite 5
Providence, RI 02903
Telephone: (401) 751-0842
Facsimile: (401) 751-0072
sbodurtha@hinshawlaw.com

Dated:   January 16, 2020

### CERTIFICATE OF SERVICE

I, Samuel C. Bodurtha, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on January 16, 2020.

*/s/ Samuel C. Bodurtha*
Samuel C. Bodurtha